UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTONIO AGUILAR LOPEZ,<br><br>                Plaintiff,<br><br>   vs.<br><br>BENTON COUNTY SHERIFF'S OFFICE, et al.,<br><br>                Defendants. | NO.  CV-12-5016-LRS<br><br>**ORDER GRANTING DEFENDANT KENNEWICK POLICE DEPARTMENT'S MOTION TO DISMISS** |

**BEFORE THE COURT** is Defendant Kennewick Police Department's ("Kennewick") Motion to Dismiss, ECF No. 42, pursuant to Fed.R.Civ.P. Rule 12(b)(6)(b), filed on October 10, 2012; and Plaintiff's "Motion to Re-Instate Complaint, and Allow Leave to Amend Due to Defendant's Failure to Serve Plaintiff With Copies of Proposal/Motion to Dismiss First Amended Complaint Under Fed.R.Civ.P. 12(b)(6)," ECF No. 45, filed October 18, 2012.  Although Plaintiff filed his Motion to Re-Instate Complaint, no response to Defendant Kennewick's Motion to Dismiss has been filed by Plaintiff, who is an inmate at Victorville Federal Correctional Complex in California.  Local Rule 7.1(c) provides an opposing pro se party with 30 days after the date the dispositive motion was mailed to serve and file a responsive memorandum to a dispositive motion.  Plaintiff was required to serve and file a

ORDER - 1

response no later than November 5, 2012.

Local Rule 7.1(h)(5) for the United States District Court, Eastern District of Washington provides:

> A failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default.

Plaintiff's failure to timely file a memorandum of points and authorities in opposition to Defendant's motion is considered as consent to the entry of an order adverse to the Plaintiff.

Furthermore, Plaintiff First Amended Complaint alleges the Benton County Sheriff's Office "engaged in a pattern of failing to properly train its employees, and that violation resulted in the injuries afflicted by its K-9 Deputy E. Rening and its Patrol Corporal Stephen L. Caughey." ECF No. 37 at 1.  Plaintiff also alleges that the "Kennewick City Police Department is equally responsible for the deprivation of the Plaintiffs [sic] Civil Rights by acting in concert with the Benton County Sherrifs [sic] Office . . ." Id. at 2. For the same reason this Court granted Benton County Sheriff's Office's Motion (ECF No. 41), this Court finds Kennewick City Police Department is not a distinct legal entity and is not a proper party to the instant action.  As such, Plaintiff has failed to state a claim upon which relief can be granted.  Accordingly, the Court finds that plaintiff's claims should be dismissed with prejudice.

**IT IS ORDERED** that:

1. Defendant Kennewick City Police Department's Motion to Dismiss, **ECF No. 42,** filed on October 5, 2012, is **GRANTED.** Plaintiff's

ORDER - 2

claims against Defendant Kennewick Police Department are hereby dismissed with prejudice.

    2.  Plaintiff's Motion to Re-Instate Complaint, **ECF No. 45**, is **DENIED**.

    3.  Plaintiff's Motion for Extension of Time, **ECF No. 48**, is **DENIED as MOOT**.

    4. The file shall be **CLOSED** in this matter.

    **IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment consistent with this Order and the Order entered on September 27, 2012 (ECF No. 41), and forward a copy to the *pro se* Plaintiff.

    **DATED** this 28th day of November, 2012

*s/Lonny R. Suko*
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 3